**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 1, 2011

LETTER TO COUNSEL

    RE:    <u>Margaret Templeton v. First Tennessee Bank, N.A., Civil No. WDQ-09-3280</u>

Dear Counsel:

    This matter has been referred to me for discovery disputes and related scheduling matters. [ECF No. 54]. Plaintiff Margaret Templeton has filed a Motion to Compel Production of Deposition Testimony. [ECF No. 53]. Defendants First Tennessee National Bank Association and MetLife (collectively "Defendants") have opposed the motion, and Plaintiff has filed a reply memorandum. [ECF. No. 58, 62]. No hearing is necessary. Local R. 105.6. For the reasons stated herein, Plaintiff's motion will be DENIED.

    On June 15, 2011, Judge Quarles entered a scheduling order setting a discovery deadline of October 28, 2011. [ECF No. 42]. Plaintiff timely noticed four depositions during the month of October, 2011. [Pl. Mot. at 2]. On October 20, 2011, Plaintiff sought to cancel one of those four depositions, which had been scheduled for October 26, 2011, and sought to replace that deposition with the depositions of Susan Grapes and Brenda Mengle. Plaintiff had not sought to depose either Ms. Grapes or Ms. Mengle prior to October 20, 2011. Defendant objected to the new deposition requests as untimely and irrelevant. [Def. Opp. at 4]. This Court agrees that the requests were untimely.

    Fed. R. Civ. P. 30(b)(1) requires that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." The Local Rules of this Court define "reasonable notice" as fourteen (14) days. Local Rules, Appendix A, Guideline 9b. The request on October 20, 2011, to schedule two new depositions on October 26, 2011, therefore violated the reasonable notice requirement of the Federal Rules of Civil Procedure and the Local Rules. Those rules, by extension, require any new request for depositions to be made at least fourteen days prior to the discovery deadline.

    Plaintiff correctly asserts that this Court has discretion to reopen discovery and to amend the existing schedule. However, Fed. R. Civ. P. 16(b) provides that a "schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed.R.Civ.P. 16(b). Plaintiff has not made a showing of good cause in this case.

"Good cause" is shown when the moving party demonstrates that the scheduling order deadlines cannot be met despite its diligent efforts. *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.,* 190 F.R.D. 372, 375 (D.Md.1999) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.,* 986 F.Supp. 959, 980 (D.S.C.1997), *aff'd by unpublished opinion,* 129 F.3d 116 (Table), 1997 WL 702267 (4th Cir.1997)). "If [the moving] party was not diligent, the inquiry should end." *Marcum v. Zimmer,* 163 F.R.D. 250, 254 (S.D.W.Va.1995).

Plaintiff's own factual recitation establishes that she was not diligent in requesting the depositions of Ms. Grapes and Ms. Mengle. In support of her position, Plaintiff cites information she learned at the deposition of Peter O'Donnell, which occurred fifteen days prior to her request, and information she learned at the deposition of Theodore Reichhart, Jr., which occurred nine days prior to her request. [Pl. Mot. at 2-3]. Had Plaintiff noticed the depositions of Ms. Grapes and Ms. Mengle at Mr. Reichhart's deposition on October 11, 2011, or even on the following day, she would have had sufficient time to provide the required fourteen days' notice and still could complete the depositions prior to the discovery deadline. Plaintiff did not do so. As a result, Plaintiff cannot establish the diligent efforts necessary to establish good cause to modify the scheduling order to permit the additional depositions.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United Stated Magistrate Judge