CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 5, 2012

LETTER TO COUNSEL

      RE:    <u>Margaret Templeton v. First Tennessee Bank, N.A., Civil No. WDQ-09-3280</u>

Dear Counsel:

      This matter has been referred to me for discovery disputes and related scheduling matters. [ECF No. 54]. Plaintiff Margaret Templeton has filed a Motion for Limited Extension of Discovery Deadline. [ECF No. 64]. Defendants First Tennessee National Bank Association and MetLife (collectively "Defendants") have opposed the motion, and Plaintiff has filed a reply memorandum. [ECF No. 65, 68]. No hearing is necessary. Local R. 105.6. (D. Md. 2011). For the reasons stated herein, Plaintiff's motion [ECF No. 64] will be denied, with leave to refile if Defendants' motion for summary judgment is denied.

      During the discovery period, Defendants requested certain scheduling accommodations, and Plaintiff provided consent. Pl. Reply Exh. 1-2. As a result of those accommodations, Plaintiff's deposition of witness Peter O'Donnell occurred on October 5, 2011, just 23 days before the scheduled close of discovery on October 28, 2011. Pl. Reply Exh. 6. On October 7, 2011 and October 10, 2011, two and five days after Mr. O'Donnell's deposition, Plaintiff sent additional interrogatories and requests for production of documents to Defendants ("the discovery requests"). Def. Opp. Exh. A. Because the discovery deadline was then less than thirty days away, responses to the discovery requests were not due until after the deadline, in

violation of Local Rule 104.2. ("Interrogatories, [and] requests for production . . . must be made at a sufficiently early time to assure that they are answered before the expiration of the discovery deadline set by the Court"). Defendants did not inform Plaintiff that they did not believe they were obligated to respond to the discovery requests until November 1, 2011 and November 4, 2011, several days after the expiration of the Court's discovery deadline. On November 30, 2011, Plaintiff sought consent to a motion to extend the deadline to permit responses to the discovery requests. When consent was denied, Plaintiff filed the instant motion on December 1, 2011. [ECF No. 64]. Pursuant to the scheduling order, Defendants filed a motion for summary judgment on December 15, 2011. [ECF No. 66]. That motion remains pending, with Plaintiff's opposition currently due on January 17, 2012.[1]

The current procedural posture, involving the overlap of the discovery extension motion and a pending motion for summary judgment, appears to have been created by delay on the part of both parties. Despite the professional courtesy exhibited by Plaintiff in acceding to extensions requested by Defendants during the discovery period, Defendants waited approximately three and one-half weeks to notify Plaintiff that they did not intend to respond to her untimely discovery requests. Plaintiff then waited approximately three and one-half weeks to seek the extension of the discovery deadline. Plaintiff avers that the information sought in the discovery requests relates to the veracity of Mr. O'Donnell. Pl. Reply at 3. As a result, the evidence sought in the discovery requests will not be relevant to the outcome of the pending summary judgment motion, which cannot turn on a credibility assessment. *See Anderson v. Liberty Lobby,*

---

[1] Plaintiff's counsel has filed a Motion to Withdraw as Attorney [ECF No. 70], a Motion to Stay Proceedings for Sixty Days [ECF No. 71], and a Motion to Shorten Time for Response to the Motion to Stay [ECF No. 72]. The ruling made in this letter will have no effect on those motions, although the deadline for Plaintiff's opposition to the summary judgment motion will change if the stay is granted.

*Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").   To avoid disruption to the summary judgment process and to avoid additional litigation and discovery expenses which might prove unnecessary if the summary judgment motion is granted, this Court will deny the motion to extend the discovery deadline at this time, but will grant leave for Plaintiff to refile the extension motion if Defendants' pending summary judgment motion is denied.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United Stated Magistrate Judge